IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT MAZZONI, :
:
Plaintiff :
:
vs. :
:
ANDREW J. JARBOLA, :
LACKAWANNA COUNTY, :
LACKAWANNA COUNTY DISTRICT : Civil #
ATTORNEY'S OFFICE, AND :
LACKAWANNA COUNTY :
DETECTIVES ASSOCIATION :
:
Defendants : Jury Trial Demanded

## COMPLAINT

**I.   JURISDICTION**

1.  This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. §§1983,1985, and the First and Fourteenth Amendments of the United States Constitution.

2.  The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343 and by virtue of the doctrine of pendent jurisdiction with respect to the state law claim.

3.  The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4.  The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.  PARTIES

5. The Plaintiff, Robert Mazzoni, is an adult individual and a citizen of the United States, residing at 404 Jenna Kay Drive, Archbald, Lackawanna County, Pennsylvania 18403.

6. The Defendant Andrew J. Jarbola, at all times material hereto, has been and is the District Attorney of Lackawanna County, Pennsylvania, with such office located at 415 Spruce Street, Scranton, Lackawanna County, Pennsylvania 18503.

7. Defendant Lackawanna County Detectives Association, at all times material hereto, has been and is the exclusive representative for purposes of collective bargaining for all Lackawanna County Detectives, including the Plaintiff, with its address at 415 Spruce Street, Scranton, Lackawanna County, Pennsylvania 18503.

8. Defendant Lackawanna County District Attorney's office is a row office of Lackawanna County located at 415 Spruce Street, Scranton, Lackawanna County, Pennsylvania 18503.

9. Defendant Lackawanna County is a political subdivision of the Commonwealth of Pennsylvania with offices located at 200 Adams Avenue, Scranton, Lackawanna County, Pennsylvania 18503.

## III.  RIGHT OF EQUITABLE RELIEF

10. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is his only means of securing adequate relief.

### IV.  JURY TRIAL DEMAND

11.  Plaintiff demands a trial by jury with respect to this matter.

### V.  FACTUAL ALLEGATIONS

12.  Plaintiff was employed by the Defendants Lackawanna County and the Lackawanna County District Attorney's Office as a Detective since or about April 8, 1992.

13.  At all times material hereto, Plaintiff performed his work as Detective for the Defendants Lackawanna County and the Lackawanna County District Attorney's Office in a good, professional and competent matter.

14.  At all times material hereto, Defendant Jarbola was the decision maker with regard to employment related matters for the Defendant Lackawanna County District Attorney's Office, as designated by Defendant Lackawanna County.

15.  At all times material hereto, the terms and conditions of Plaintiff's employment with the Defendants Lackawanna County and the Lackawanna County District Attorney's office were governed by the Contract Agreement By and Between the County of Lackawanna and Lackawanna County Detectives Association, effective January 1, 2006 to December 31 2009, as modified and extended to January 1, 2014, attached hereto as Exhibit A.

16.  At all times material hereto, the Plaintiff was a third party beneficiary of the Contract Agreement By and Between the County of Lackawanna and Lackawanna County Detectives Association, effective January

1, 2006 to December 31 2009, as modified and extended to January 1, 2014, attached hereto as Exhibit A.

17. At all times material hereto, Defendant Jarbola was acting under color of state law.

18. On or about February of 2010, the Plaintiff informed Defendant Jarbola that he was considering running for the position of Lackawanna County Sheriff.

19. In response thereto, Defendant Jarbola stated "No you're not. You can't win. Don't run." or words to that effect.

20. Defendant Jarbola was commonly known to be supporting the incumbent for the position of Lackawanna County Sheriff John Shemanski, who was political ally of Defendant Jarbola.

21. On or about April 12, 2010, Defendant Jarbola called the Plaintiff into his office and instructed the Plaintiff to turn in his gun and badge, and terminated the Plaintiff's employment.

22. The termination of the Plaintiff's employment occurred without the Plaintiff receiving written notice of the allegations against him and without a prior hearing.

23. The termination of the Plaintiff's employment was without just cause.

24. By letter dated May 28, 2010, Defendant Jarbola issued a letter confirming the termination Plaintiff's employment with Lackawanna County and

the Lackawanna County District Attorney's Office, a copy of which is attached as Exhibit B.

25. Defendant Jarbola, in his official capacity was the final authority and ultimate repository of the Defendant Lackawanna County's power in regard to the employment of the Plaintiff.

26. The termination of the Plaintiff's employment by the Defendants was pursuant to a policy and custom of the Defendant Lackawanna County, inasmuch as the decision maker possessing final authority to establish county policy with respect to the action did so by official proclamation, policy, or edict.

27. Plaintiff received the letter notifying him of the termination of his employment on or about June 3, 2010.

28. The reasons stated in the May 28, 2010 letter allegedly justifying the Plaintiff's termination were pretextual, with the reason for his termination being Plaintiff's stated intention to run for the office of Lackawanna County Sheriff contrary to Defendant Jarbola's direction not to do so.

29. On or about June 4, 2010, Thomas Davis, President of the Defendant Lackawanna County Detectives Association and the Plaintiff, Robert Mazzoni, submitted a grievance to Defendant Järbola, alleging, *inter alia*, that there was no just cause for Plaintiff's termination. A copy of the grievance is attached as Exhibit C.

30. By correspondence dated June 8, 2010, Defendant Jarbola denied the Plaintiff's grievance, asserting that just cause existed for the termination

based on the reasons stated in the May 28, 2010 termination letter. A copy of the June 8, 2010 letter is attached as Exhibit D.

31. The Plaintiff's grievance proceeded to Step 3 of the grievance process, with Thomas Davis, President of Defendant Lackawanna County Detectives Association, informing the Plaintiff of the Association's plan to file for arbitration within ten days of the employer's ruling.

32. Shortly after the Plaintiff's grievance was denied at Step 3, on or about September 13, 2010, Defendant Jarbola contacted Christopher Kolcharno a member and former officer of Defendant Lackawanna County Detectives Association and informed that he wanted Mr. Kolcharno to immediately call a special meeting of the detectives, and that he wanted to union vote not to proceed to arbitration of the Plaintiff's grievance.

33. Defendant Jarbola's motivation for informing Mr. Kolcharno that he wanted the union to immediately vote not to proceed with the Plaintiff's grievance was for the purpose of preventing reversal of the termination, which was done in retaliation for Plaintiff's stated intent to run for the office of Sheriff of Lackawanna County.

34. At all times material hereto, the Plaintiff's grievance was meritorious and his termination from employment was in breach of the Contract Agreement attached as Exhibit A.

35. Pursuant to Defendant Jarbola's direction that the Defendant Association immediately hold a meeting to vote not to proceed to arbitration with the Plaintiff's grievance, the Defendant Association met on or about September

13, 2010, with Harold Zech, a member of the Association, proposing that the Association vote immediately not to proceed to arbitration on Plaintiff's grievance.

36. Union President Thomas Davis then instructed that the Association defer voting on the matter until they met with counsel.

37. Additionally at the September 13, 2010 meeting, the detectives present discussed information they received of the possibility that some or all of them could face federal charges if the arbitration proceeded, as information could be produced at the arbitration implicating them of wrongdoing. Upon information and belief, this information came from Defendant Jarbola

38. On or about September 29, 2010, the Defendant Association met with counsel and against counsel's advice, voted not to proceed to arbitration with the Plaintiff's grievance.

39. Plaintiff engaged in constitutionally protected conduct by stating his desire to run for the office of Sheriff and declining to give allegiance to the public officials and factions in power in Lackawanna County, by and through Defendants Lackawanna County District Attorney's Office and Jarbola.

40. Plaintiff's constitutionally protected conduct was a substantial and motivating factor in the Defendants' adverse employment action.

41. On account of the termination of his employment and the aforesaid description of it, Plaintiff has lost his employment, compensation for employment, employment benefits, and other compensatory and consequential damages and has suffered, as well, embarrassment, humiliation, harm to his reputation and emotional distress.

## VI.   CAUSES OF ACTION

### COUNT I

### Plaintiff v. Defendants Lackawanna County and Lackawanna County District Attorney's Office

### First and Fourteenth Amendments to the United States Constitution by and through 42 U.S.C. §1983

42.   Paragraphs 1 through 41 of this Complaint are incorporated herein by reference as though set forth in full.

43.   Defendants' termination of Plaintiff was in violation of Plaintiff's rights of speech, association, political affiliation and his exercise of political freedom to run for the office of Sheriff, as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

44.   Defendants knowingly and maliciously deprived Plaintiff of his civil rights in engaging in the foregoing conduct.

45.   At all times material hereto, the Defendants acted under color of state law.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants and prays:

(a)   That this Honorable Court reinstate Plaintiff to his former employment with the Defendants Lackawanna County and the Lackawanna County District Attorney's Office;

(b)   That this Honorable Court, in the alternative, order the Defendants to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against Defendants enjoining them from taking adverse employment actions against the Plaintiff on account of the exercise of his rights of speech, association, political affiliation, and political freedom to run for the office of Sheriff;

(d) That this Honorable Court order the Defendants to pay Plaintiff back pay;

(e) That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

(f) That this Court Order the payment of pre-judgment interest;

(g) That this Honorable Court order the Defendants to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(h) That this Honorable Court award such relief as may be just and equitable.

## COUNT II

### Plaintiff v. Defendant Jarbola in his Individual Capacity

### First and Fourteenth Amendments To the United States Constitution by and through 42 U.S.C. §1983

46. Paragraphs 1 through 45 of this Complaint are incorporated herein by reference as though set forth in full.

47. Defendant's termination of Plaintiff was in violation of Plaintiff's rights of speech, association, political affiliation and his exercise of political freedom to run for the office of Sheriff, as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

48. Defendant knowingly and maliciously deprived Plaintiff of his civil rights in engaging in the foregoing conduct.

49. At all times material hereto, the Defendant acted under color of state law.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with the Defendants Lackawanna County and the Lackawanna County District Attorney's Office;

(b) That this Honorable Court, in the alternative, order the Defendant to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against the Defendant enjoining him from taking adverse employment actions against the Plaintiff on account of the exercise of his rights of speech, association, political affiliation, and political freedom to run for the office of Sheriff;

(d) That this Honorable Court order the Defendant to pay Plaintiff back pay;

(e) That this Honorable Court order the Defendant to pay Plaintiff compensatory damages;

(f) That this Honorable Court order the Defendant to pay punitive damages;

(g) That this Honorable Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action;

(h) That this Court order the payment of pre-judgment interest; and,

(i) That this Honorable Court award such other relief as may be just and equitable.

## COUNT III

### Plaintiff v. Defendant Lackawanna County Detectives Association

### First and Fourteenth Amendments To the United States Constitution by and through 42 U.S.C. §1983 and §1985

50. Paragraphs 1 through 49 of this Complaint are incorporated herein by reference as though set forth in full.

51. The termination of the Plaintiff's employment was in breach of Article XXII the Contract Agreement by and between the County of Lackawanna and Lackawanna County Detectives Association attached hereto as Exhibit A, which provides, *inter alia,* that "No employee shall be suspended, discharged, demoted or otherwise disciplined without just cause."

52. Defendant Lackawanna County Detectives Association unlawfully conspired with the other Defendants to forego taking the Plaintiff's meritorious grievance to arbitration, after it had previously decided to do so, based on the communications to it by the Defendant Jarbola as aforesaid.

53. The decision by the Defendant Lackawanna County Detectives Association to forego taking the Plaintiff's meritorious grievance to arbitration after it had previously decided to do so, was arbitrary, discriminatory, capricious,

made in bad faith, and based on an unlawful conspiracy with the other Defendants to deprive the Plaintiff of his rights of speech, association, political affiliation, and exercise of his political freedom to run for the office of Sheriff, as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

54. Defendant Lackawanna County Detectives Association knowingly and maliciously deprived Plaintiff of his civil rights in engaging in the foregoing conspiratorial conduct.

55. At all times material hereto, in unlawfully conspiring with the Defendants to deprive the Plaintiff of his Constitutional rights as aforesaid, the Defendant Lackawanna County Detectives Association was acting under color of state law.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with the Defendants Lackawanna County and the Lackawanna County District Attorney's Office;

(b) That this Honorable Court, in the alternative, order the Defendant to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against the Defendant enjoining it from unlawfully conspiring with the other Defendants from taking adverse employment actions against the Plaintiff on

account of the exercise of his rights of speech, association, political affiliation, and political freedom to run for the office of Sheriff;

    (d)    That this Honorable Court order the Defendant to pay Plaintiff back pay;

    (e)    That this Honorable Court order the Defendant to pay Plaintiff compensatory damages;

    (f)    that this Honorable Court order the Defendant to pay punitive damages;

    (g)    That this Honorable Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action;

    (h)    That this Court order the payment of pre-judgment interest; and,

    (i)    That this Honorable Court award such other relief as may be just and equitable.

## COUNT IV

### Plaintiff v. Defendant Lackawanna County Detectives Association in Conspiracy with Defendants Lackawanna County, Lackawanna County District Attorney's Office, and Andrew J. Jarbola

### Breach of Duty of Fair Representation

56.    Paragraphs 1 through 55 of this Complaint are incorporated herein by reference as though set forth in full.

57.    At all times material hereto, Defendant Lackawanna County Detectives Association had a duty to fairly represent the Plaintiff with regarding to the processing of his grievance as aforesaid.

58. Defendant Lackawanna County Detectives Association unlawfully conspired with the remaining Defendants to forego taking the Plaintiff's meritorious grievance to arbitration, after it had previously decided to do so, based on the communications to it by the Defendant Jarbola as aforesaid.

59. The communications from Defendant Jarbola to Defendant Association provided no legal justification for the Defendant Association's failure to take the Plaintiff's meritorious grievance to arbitration.

60. The decision by the Defendant Lackawanna County Detectives Association to forego taking the Plaintiff's meritorious grievance to arbitration after it had previously decided to do so, was arbitrary, discriminatory, capricious, made in bad faith, and based on an unlawful conspiracy and collusion with the other Defendants to deprive the Plaintiff of his contractual right to proceed to arbitration with regard to his grievance.

61. The aforesaid conduct of Defendant Lackawanna County Detectives Association in conspiracy and collusion with the other Defendants resulted in the Association breaching its duty to Plaintiff to fairly represent him.

62. The breach of the Defendant Lackawanna County Detectives Association's duty of fair representation in conspiracy and collusion with the other Defendants, was willful, knowing, and malicious.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant Borough of Catawissa;

(b) That this Honorable Court, in the alternative, order the Defendants to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against Defendant Association enjoining it from breaching its duty of fair representation to the Plaintiff, and enjoining all Defendants from unlawfully conspiring to deprive the Plaintiff of his rights under the Contract Agreement;

(d) That this Honorable Court order the Defendants to pay Plaintiff back pay;

(e) That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

(f) That this Honorable Court order the Defendants to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(g) That this Court order the payment of pre-judgment interest;

(h) That this Court order the Defendants to pay Plaintiff punitive damages; and,

(i) That this Honorable Court award such other relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland and Borland, L.L.P.

By: /s/ Kimberly D. Borland
KIMBERLY D. BORLAND, ESQUIRE
Attorney ID #23673
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
Attorney for the Plaintiff
(570) 822-3311
(570) 822-9894 (Fax)

/s/ David P. Tomaszewski
DAVID P. TOMASZEWSKI, ESQUIRE
Attorney ID #47011
69 Public Square, 11th Floor
Wilkes-Barre, PA 18701
Attorney for the Plaintiff
(570) 822-3311
(570) 822-9894 (Fax)